HADEN vs. HERNDON, Adm'r.

1. Where the circuit court has ordered the defendant to file a bill of particulars of a set off of which the defendant has given notice, upon failure to comply with the order, it is competent for the circuit court to exclude all evidence of a set off.

2. Evidence that defendant had given witness a draft on plaintiff, and that plaintiff had promised to pay it when presented, requested time, and did not pay the draft, and that at same time plaintiff said he was indebted to defendant five or six hundred dollars, and that their business was unsettled, is competent under the plea of non-assumpsit.

APPEAL from Howard Circuit Court.

NAPTON, J., delivered the opinion of the court.

This was an action of assumpsit brought by Herndon, administrator of Chrisman, against Haden, to recover the value of merchandize sold to the defendant by Chrisman. The plea was non-assumpsit, and a notice of set-off. Issue was taken on the plea of non-assumpsit, and the cause continued. At the next term the cause was again continued at the instance of the defendant. At that term, upon motion of the plaintiff, the court ordered the defendant to furnish the plaintiff with a bill of particulars of his set-off, on or before the ensuing term. This the defendant failed to do. On the trial, the account of the plaintiff's intestate was produced, and consisted of various items of merchandise procured by defendant during several years, commencing in 1835, and ending in the year 1840, it was admitted to be correct, and the defendant, to sustain his set-off, offered to read the deposition of A. W. Maupin.

This deposition stated, that in the fall of 1838, or spring of 1839, the witness, being about to make a journey to Fayette, where Chrisman, (the intestate,) resided, the defendant proposed sending by him an order on said Chrisman for $200, which he accordingly acceded to, for his own convenience as well as Haden's; that the witness called on said Chrisman and presented the order; that Chrisman desired witness to wait on him one day to enable him to raise the money; that the witness consented to this, but did not get the money; that Chrisman then stated that Haden's business and his, the said Chrisman's was yet unsettled; that there was more than the amount of the order due said Haden; that there was some five or six hundred dollars due from him to Mr. Haden, on or involved in their settlement.

This deposition the court excluded, the defendant then offered to read it under the plea of non-assumpsit, but upon objections being made, this was not permitted. The plaintiff had a verdict. Motion for a new trial was made and overruled, and the case is brought to this court by appeal.

No serious objections have been urged, nor any perceived, to the course of the circuit court, in directing a bill of particulars of defendant's set-off, and upon his failure or refusal to furnish it, in excluding all evidence of a set-off. But we cannot say, that the deposition of A. W. Maupin was incompetent under the plea of non-assumpsit. Its direct and principal tendency was doubtless to prove a set-off, but it might lead remotely to a presumption of payment. However slight this evidence may be, we think it not irrelevant, and the judgment will therefore be reversed, and the cause remanded.